IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONNIE R. CARTWRIGHT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KILOLO KIJAKAZI, )<br>)<br>Defendant. ) | Civil Action No. 21-1731 |

ORDER

AND NOW, this 3rd day of January 2023, the Court has considered the parties' motions for summary judgment and will order judgment in Defendant's favor. The Administrative Law Judge's ("ALJ") decision denying Plaintiff's applications for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, and supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, is supported by substantial evidence; therefore, it will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[1]

---

[1] Plaintiff has raised three arguments challenging the ALJ's decision, which became the Social Security Administration's ("SSA") final decision upon the Appeals Council's denial of Plaintiff's request for review (R. 1). 20 C.F.R. §§ 404.981, 416.1481. Plaintiff's first argument is that the ALJ erred in finding that her low back pain and hip arthritis were not *severe* impairments. Plaintiff's second argument is that the ALJ erred in his evaluation of the medical opinion offered by Dr. James Goodyear, a consultative examiner who evaluated Plaintiff upon the Bureau of Disability Determination's referral for an internal medicine examination. Plaintiff's final argument is that the ALJ erred in his evaluation of her mental impairments and their effect on her residual functional capacity ("RFC"). As explained herein, the Court is unpersuaded that the ALJ erred legally or that his findings are unsupported by substantial evidence.

Pursuant to the "substantial-evidence standard" employed here, the Court "looks to [the] existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations," *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154 (quoting *Consolidated Edison*

*Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  For legal questions, the Court's review is plenary. *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  An ALJ's assessment of disability under the Act proceeds in five steps pursuant to which he or she asks: "whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work." *Roberts v. Astrue*, No. 02:08-CV-0625, 2009 WL 3183084, at *2 (W.D. Pa. Sept. 30, 2009) (citations omitted); 20 C.F.R. §§ 404.1520(a)(4)(i)—(v), 416.920(a)(4)(i)—(v).  An ALJ's findings at steps four and five are preceded by a determination of the claimant's RFC, which "is the most [he or she] can still do despite [his or her] limitations" arising from both severe and non-severe medically determinable impairments. *Id.* 20 C.F.R. §§ 404.1545(a)(1)—(2), 416.945(a)(1)—(2).

Plaintiff's first argument in this matter is a challenge to the ALJ's step-two finding of her severe, medically determinable impairments.  The ALJ found four such impairments: "peripheral neuropathy, depression, anxiety, and a post traumatic stress disorder [("PTSD")]."  (R. 18).  He further found that Plaintiff's lower back pain and hip arthritis were "nonsevere."  (R. 18, 19).  Plaintiff has argued that the ALJ harmfully erred by excluding those two impairments from his finding of her *severe* impairments, but her argument in this regard is unconvincing.  An impairment or combination thereof "is not severe if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). For a claimant to be found not disabled and denied benefits at step two, he or she would have only "slight abnormalities that do not significantly limit any 'basic work activity.'" *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003).

In this matter the ALJ found that Plaintiff's lower back pain and hip arthritis did "not cause more than a minimal limitation in the claimant's ability to perform basic work activities." (R. 18, 19).  In support of that finding, the ALJ explained that despite Plaintiff's documented low back pain, she demonstrated normal range of motion in February 2019 and February 2020.  (R. 18).  For Plaintiff's hip arthritis, the ALJ explained that Plaintiff had full hip strength and range of motion in May 2020 despite documented hip pain.  (R. 19).  Challenging these findings and explanations, Plaintiff has pointed to diagnoses, treatment records, and notes that show she reported radiating back pain, hip pain, and had muscle spasms; however, so arguing, she has not shown that the ALJ's non-severity findings lacked adequate support, *i.e.*, the support of evidence that would satisfy a reasonable mind.  Not only that, but the Court has also considered that the ALJ ultimately resolved step-two of the five-step evaluation in Plaintiff's favor and clearly considered evidence of Plaintiff's non-severe impairments with her severe impairments in his determination of her RFC. (R. 18, 23, 26).  Accordingly, "even if [the ALJ] had erroneously concluded that some of [Plaintiff's] other impairments were non-severe, any error was harmless." *Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 (3d Cir. 2007).

Plaintiff's second argument is that the ALJ erred in his evaluation of Dr. Goodyear's medical opinion.  Because Plaintiff's applications for benefits under the Act were filed on or

after March 27, 2017, the ALJ was required to evaluate the persuasiveness of any medical opinion or prior administrative medical findings in evidence in accordance with 20 C.F.R. §§ 404.1520c, 416.920c.  Pursuant thereto, ALJs must articulate "how persuasive" they find medical opinion evidence to be using five factors, though they need only specifically explain their consideration of the two most important factors: supportability and consistency.  *Id.* §§ 404.1520c(b)—(c), 416.920c(b)—(c).  Supportability is a measure of the amount of "objective medical evidence and supporting explanations presented by a medical source . . . to support his or her medical opinion(s)." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1).  Consistency addresses whether medical opinion evidence is in keeping "with the evidence from other medical sources and nonmedical sources in the claim." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).  In this matter, Dr. Goodyear evaluated Plaintiff on February 26, 2020 and opined that Plaintiff would be limited to, *inter alia*, just six hours sitting, two hours standing, and one hour walking daily.  (R. 752—63).  The ALJ found the opinion to be "not persuasive" because it was "not supported by [Dr. Goodyear's] own findings or by the diagnostic studies" in the record.  (R. 27).  The ALJ further explained that the opinion appeared to be based "largely on 'possible seizures' that the claimant persuaded him were fairly frequent involving 15-20 in a two[-]year period." (*Id.*).  Further still, the ALJ explained that Dr. Goodyear's "opinion [was] inconsistent with assessments by medical examiners, who reported" significantly normal findings with respect to Plaintiff's sensation, range of motion, coordination, muscle tone, and gait.  (*Id.*).

Plaintiff has challenged this persuasiveness assessment and has argued that "[a] careful reading of the entirety of Dr. Goodyear's report does NOT support the ALJ's comment that the claimant 'persuaded him' that her seizures were 'fairly frequent.'"  (Doc. No. 12, pg. 14). Plaintiff has argued that this reason for rejecting the opinion "is specious and cannot be affirmed" because ALJs are not permitted to reject evidence for the "wrong reason."  (*Id.*). Plaintiff has also argued the ALJ erred in finding Dr. Goodyear's opinions to be inconsistent with other examiners' findings.  (*Id.*).  This matters, Plaintiff has argued, because the ALJ's errors led him to find Plaintiff could perform a limited range of light work without any additional standing and/or walking limitations when he should have found Plaintiff could only sustain a limited range of sedentary work.  (Doc. No. 12, pg. 17).  But, having considered this challenge to the ALJ's assessment of the persuasiveness of Dr. Goodyear's medical opinion, the Court is unconvinced of the errors alleged.  The ALJ's evaluation of Dr. Goodyear's opinion complied with the applicable regulations: the ALJ explained how persuasive he found Dr. Goodyear's opinion to be and specifically addressed supportability and consistency in his articulation of the bases for that finding.  (R. 27).  Plaintiff has correctly stated that ALJs may not reject evidence for the "wrong reason."  *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981) (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).  However, the Court does not perceive any mischaracterization of Dr. Goodyear's opinion in the ALJ's evaluation of it.  Plaintiff has argued that the ALJ mischaracterized the opinion when he described it as being based, at least in part, on Plaintiff's having "persuaded" Dr. Goodyear that she experienced a particular frequency of seizures in a two-year period.  (R. 27).  However, looking at Dr. Goodyear's internal medical examination notes, the Court perceives no such mischaracterization.  Dr. Goodyear noted therein

3

that Plaintiff "report[ed] a history of possible seizures" beginning in 2017 when she had "episodes of uncontrollable body tremors." (R. 752). Dr. Goodyear further noted that Plaintiff "state[d] she had perhaps 15 to 20 such episodes between 2017 and 2019," though she "ha[d] not been formally diagnosed as having seizures." (R. 753). Among her diagnoses, Dr. Goodyear included "[h]istory of tremors/possible seizures." (R. 756). He then prescribed postural and environmental limitations and attributed his opinion in this regard to Plaintiff's tremors, possible seizures, and asthma. (R. 761—62). Accordingly, the Court detects no mischaracterization in the ALJ's description of Dr. Goodyear's opinion as being based, at least in part, on Plaintiff's subjective representation of seizure frequency.

The Court is likewise unpersuaded that the ALJ erred in finding inconsistency among Dr. Goodyear's opinion and other examiners' findings. The ALJ explained that he found Dr. Goodyear's more restrictive opined limitations to, *e.g.*, "standing 2 hours and walking one hour in [an] eight[-]hour workday" were inconsistent with other sources' findings of "no muscle atrophy, no neurologic deficit, normal sensation, normal musculoskeletal range of motion including the back and extremities, normal coordination, no motor deficit, normal muscle tone, a normal gait, and normal heel and toe walking" with reference to four exhibits. (R. 27). Though the treatment records in those exhibits partially predate Plaintiff's alleged onset date, the ALJ did not err in considering them with the rest of the evidence of record. *McGinnis v. Soc. Sec. Admin.*, 808 Fed. Appx. 127, 129 (3d Cir. 2020). Plaintiff has argued that one of the exhibits cited by the ALJ—Exhibit 17F—shows that Plaintiff had decreased sensation and therefore undermined the ALJ's summary of this and other exhibits as showing "no neurologic deficit" and "normal sensation." (Doc. No. 12, pg. 15). However, the single record of decreased sensation cited by Plaintiff (R. 829) does not undermine the ALJ's explanation that various examiners' records showed generally normal physical findings. Earlier in his decision, the ALJ had acknowledged the evidence of decreased sensation in Plaintiff's "elbows, above the knees, and at the feet and hands." (R. 23). And his summation of the evidence cited in support of his not-persuasive finding for Dr. Goodyear's opinion is otherwise consistent with records from the appointment where Plaintiff was noted to have decreased sensation insofar as Plaintiff was there found to have full muscle strength and full range of motion in her upper and lower extremities, as well as normal "heel-toe and tandem walk." (R. 828—29). Additionally, to the extent that Plaintiff has argued the ALJ ignored evidence corroborating her alleged pain and supporting Dr. Goodyear's opined limitations, Plaintiff has mostly pointed to her own representation of her symptoms at medical appointments. (Doc. No. 12, pg. 16). For instance, Plaintiff cited Dr. Goodyear's recordation of her complaints for evidence that she suffered "stabbing and burning pain in her feet" with walking or standing. (Doc. No. 12, pg. 16 (citing R. 753)). Plaintiff's further argument that the ALJ overlooked evidence supporting Dr. Goodyear's assessment of her functional limitations amounts to no more than a request to re-weigh the evidence. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations.").

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf:   Counsel of Record

---

Plaintiff's third and final argument is that the ALJ erred in his evaluation of her mental impairments and their associated limitations. Plaintiff has argued that her "severe anxiety, panic attacks, PTSD, and depression clearly impair her ability to sustain attendance and performance at any job." (Doc. No. 12, pg. 18). In support of her argument, Plaintiff has pointed to evidence of anxiousness, nightmares, depression, anhedonia, irregular eating and sleeping patterns, an incidence of hospitalization in 2018, and frequent panic attacks, among other sequelae of her mental impairments. (*Id.*). Her argument in this regard, like the last, is reducible to a request to re-weigh evidence. For example, Plaintiff has posited that the evidence shows her fatigue would make sustained performance at a full-time job untenable. (Doc. No. 12, pg. 19). But the ALJ considered evidence of Plaintiff's fatigue (R. 23) and found that other evidence, such as Plaintiff's daily activities, undermined her alleged symptoms and limitations. (R. 24—26). Because the ALJ explained his consideration of the relevant evidence in this regard and supported his assessment by reference to evidence that would satisfy a "reasonable mind," his determination of the appropriate limitations for Plaintiff's mental RFC will not be disturbed. *Chandler*, 667 F.3d at 359 (quoting *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003)). For this and the foregoing reasons, the Court will affirm the ALJ's decision finding Plaintiff to be not disabled under the Act.